UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWN A. DUFFY, | ) | CIV 12-4044-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BROWN COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**A.    Screening**

Under 28 U.S.C. § 1915A(b), the Court is required to screen each prisoner case. A case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A case fails to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . .'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 599 (1984)). When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true[.]" Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832.

First, the Court notes that the only named defendant in this action is the Brown County Jail. The Eighth Circuit has held that "county jails are not legal entities

amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). As a result, any claim against the Brown County Jail must be dismissed.

Moreover, the Court notes that plaintiff has not set forth in his complaint the relief he seeks. Thus, the Court finds that plaintiff has not properly set forth a claim. As a result, the complaint must be dismissed.

Even if plaintiff had named a proper defendant and clearly stated the relief he seeks, the Court would find that the complaint must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's first claim alleges that he received cruel and unusual punishment when he was placed on lock-down status for several weeks. Additionally, he alleges that he had a narcoleptic episode during which officers forcibly placed him on the floor and used restraint when he failed to respond to their commands. He further alleges that he received cruel and unusual punishment when officials delayed bringing him toilet paper and failed to provide him with bedding and disinfectant.

"To succeed on an Eighth Amendment claim . . ., the plaintiff must demonstrate (1) that the conditions were objectively sufficiently serious or caused an objectively serious injury to the plaintiff, and (2) that the defendants were deliberately indifferent, or acted with reckless disregard, to inmate constitutional rights, health, or safety." Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998). Furthermore, "some actual injury must be shown and the extent of the injury and pain suffered are relevant concerns in determining whether the conduct amounts to cruel and unusual punishment." Id. at

1077 (citing White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994)). Plaintiff has not alleged an injury resulting from the alleged cruel and unusual punishment. As a result, plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff further alleges that he is being denied medical care for ear pain. He asserts in his complaint that the jail nurse refuses to tender care. However, in a supplement to the complaint, plaintiff insists that he be examined by his personal physician.

The United States Supreme Court has long held that the denial of medical care that results in unnecessary suffering to prisoners constitutes cruel and unusual punishment and is a violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Nonetheless, "[p]risoners do not have a constitutional right to any particular type of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Nor is it a violation of the Eighth Amendment when "[p]rison officials . . ., in the exercise of their professional judgment, . . . refuse to implement a prisoner's requested course of treatment." Id. Plaintiff does not have a right to be treated by the physician of his choice. Based upon plaintiff's own statements, he is refusing the care being offered. As a result, the Court finds that he has not stated a claim upon which relief may be granted.

Plaintiff has labeled his final claim as "denial of legal mail." This claim is based upon an incident that allegedly occurred when plaintiff was removed from his cell and placed in a holding cell. During that time, he requested his legal mail. The officials

3

refused his request. He expresses his concern that the mail was improperly opened by officials. However, there is no evidence or allegation that the mail was actually opened. Furthermore, it is unclear if the mail was permanently withheld from plaintiff or if he received it upon being released from the holding cell. "Though pro se complaints are to be construed liberally, . . . they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted). Here, plaintiff has failed to allege sufficient facts to support his claim. As a result, the claim shall be dismissed.

B. *In Forma Pauperis* Status

Plaintiff also moves the Court to allow him to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly balance of the account as an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff asserts that he has no income. As a result, the Court finds that plaintiff is not required to pay the initial partial filing fee. Plaintiff, however, remains obligated for payment of the entire filing fee ($350). Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed without prejudice for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket #2) is granted.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee ($350) in its entirety.

Dated this 29th day of May, 2012.

BY THE COURT:

/s/ *Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE